LEMMON,
Justice, concurring in the Denial of the Application.
The showing made in the application does not warrant our ordering a severance of the offenses. Joinder of the offenses was proper under La.C.Cr.P. Art. 493 as offenses of “the same or similar character,” and the issue is whether the properly joined offenses should be severed because of prejudice under La.C.Cr.P. Art. 495.1. See Fed.R.Crim.P. 14 relating to prejudicial joinder, which is substantially the same as Article 495.1.
The only prejudice shown by relator is the prejudice inherent in a cumulation of counts. On the other hand, since the five counts charging sports bribery and conspiracy alleged conduct with the same two individuals involving the same team and the same sport in the same season, evidence of each of the offenses would apparently be admissible at a separate trial of one as proof of knowledge, system and intent. Defendant appears to be no more prejudiced by the joinder of the offenses than he would be by the introduction of the evidence of other crimes at a separate trials of one offense. Nevertheless, the trial judge has a continuing duty during the trial to grant the severance if it becomes apparent that there will be sufficient prejudice to warrant this action. Furthermore, the trial judge can minimize prejudice by instructing the jury that separate verdicts are required and that evidence of one offense cannot be considered as evidence of the other offenses.